IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 16-cv-00163-KLM

ZYKRONIX, INC., a Colorado corporation,

    Plaintiff,

v.

CONEXANT SYSTEMS, INC., a Delaware corporation,

    Defendant.

___

**DEFENDANT CONEXANT SYSTEMS, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO UNTIMELY DISCLOSED DAMAGES**
___

Defendant Conexant Systems, Inc. n/k/a Conexant Systems, LLC ("Conexant"), by and through its attorneys of record, respectfully submits the following motion to exclude testimony and evidence related to damages that were not timely disclosed by Plaintiff Zykronix, Inc. ("Zykronix").

### Certificate of Compliance with D.C.COLO.LCivR 7.1A

Counsel for Conexant conferred with counsel for Zykronix regarding the relief requested in this Motion. Zykronix opposes the relief requested in this motion. (Declaration of R. Hunt at 3.)

**I.    INTRODUCTION.**

The subject of this Motion is three categories of damages asserted by Zykronix: (1) costs allegedly incurred to redesign devices that are not at issue in this Action ("Redesign Costs"); (2) alleged damages to Zykronix's reputation ("Reputation Damages"), and (3) costs allegedly incurred to investigate the noise issue ("Investigation Costs"). These three categories of damages total nearly $9 million, and were disclosed for the first time by Zykronix the day before

the discovery cutoff. This tactic is the worst form of gamesmanship, and it has severely prejudiced Conexant. It is also a clear violation of the Federal Rules, and Zykronix must not be allowed to present these damages to a jury at trial.

## II.     FACTUAL BACKGROUND.

1. This case was filed nearly two years ago, in December of 2015. (*See* Dkt. # 1-2.)

2. After removal to this Court, Zykronix served its initial Rule 26(a) disclosures on April 13, 2016. (Hunt Decl. Exh. A.) The disclosures made no reference at all to Zykronix's alleged Reputation Damages or Investigation Costs. And although the disclosures alleged $5,655,000 in Redesign Costs associated with the device at issue in this Action, namely the OmniTouch 7, the disclosures did not reference any redesign costs associated with other devices. (*Id.*)

3. Conexant attempted to obtain more information through at least two interrogatories asking Zykronix to describe and explain "all facts supporting" its damages "in detail." (Hunt Decl. Exh. B at Resp. 4; *id.* Exh. C at Resp. 20.) Zykronix objected on the grounds that the interrogatory called for an "expert opinion" and merely cut and pasted the same vague allegations from its Complaint regarding Redesign of the OmniTouch 7. The interrogatory responses again made no mention at all of Reputation Damages or Investigation Costs. (*Id.*) Notably, these responses were provided just a few months ago, in May, 2017. (*Id.*)

4. Despite its assertion that the damages were the subject of "expert opinion," Zykronix's expert, Kyle Jacobson, failed to address any of these three categories of damages in his report. (Hunt Decl. Exh. D.) Mr. Jacobson's expert report had no discussion at all to support the Reputation Damages, other than a reference to an amount "TBD," and included no discussion of or reference to Redesign Damages or Investigation Costs. (*Id.*)

5. At his deposition in August, Mr. Jacobson was unable to provide any testimony on Reputation Damages other than to say that other categories of damages would include some element of damage to reputation, but he had no specific opinion on those damages:

> Q: The next line item says, "Damage to reputation," and it says "To be determined." As of the deposition today, do you have an opinion as to whether Zykronix suffered a damage to reputation, and if so, are you in a position to quantify those damages?
>
> A. No. We haven't pursued that calculation, outside of the fact that -- the fact that damage to reputation would also be included in the previous two line items for the 10,000 units and the 22,000 units. There's a component of damaged reputation there. But outside of those, no.

(Hunt Decl. Exh. E (Jacobson Depo. at 34:17-35:3.)) Mr. Jacobson was unable to identify a single customer that Zykronix lost due to the Conexant Chip problem:

> Q. Did Zykronix tell you the names of any customers that they expected to sell the OmniTouch 7 to besides Leviton?
>
> A. No. I didn't pursue it.

(*Id.* at 28:6-9.)

6. Mr. Jacobson was also unprepared to discuss Redesign Damages. As noted, those damages were not even mentioned in his report, but during questioning by Zykronix's lawyer, Mr. Jacobson stated that he had been provided with "a document from Zykronix that identifies about $790,000 of this item" but that he had no independent knowledge of the reengineering costs:

> Q: Do you have any independent knowledge as to the cost of that reengineering, or is that reengineering cost based wholly on a document you received from Zykronix?
>
> A. That's wholly dependent on a Zykronix document.

(*Id.*, Jacobson Depo. 50:9-18.)

7. Then, on the afternoon of September 21st—the day before the discovery cutoff—Zykronix purported to supplement its Rule 26 disclosures by serving Conexant with a summary

of its alleged damages that included "cost of redesign of Sole 4/5/7" in the amount of $815,834.51, "cost of reputation damage" in the amount of $7,943,672.52, and "Cost of noise investigation" in the amount of $30,553. (Hunt Decl. Exh. F.)

8. Although the damages summary was provided to Conexant on the afternoon of September 21, 2017, it has a document footer reflecting that the summary was prepared nearly a month earlier, on August 27, 2017. (*Id.*)

9. On September 22, 2017, the last day of discovery, Zykronix's CFO disclosed the names of three customers it intends to claim would have purchased the 7-inch touchscreen but for the Conexant Chip problem. (Hunt Decl. Exh. G (Streicher Depo. 76:2-22.))

10. The following table reflects the history of the Redesign Damages, Reputation Damages, and Investigation Costs:

| Category of Damages | Alleged in Complaint? | Alleged in Initial Disclosures? | Alleged in Interrogatory Responses? | Alleged in Expert Report? | Alleged the Day Before the Discovery Cut-Off? |
|---|---|---|---|---|---|
| Damage to Reputation | Yes, but no amount | Not alleged | Not alleged | Yes, but no amount | $7,943,673 |
| Cost of Redesign of Sole 4/5/7 | Not alleged | Not alleged | Not alleged | No, but during depo, expert mentioned $790,000 for reengineering costs | $815,835 |
| Cost of Noise Investigation | Not alleged | Not alleged | Not alleged | Not alleged | $30,553 |

**III.    ARGUMENT.**

The circumstances of Zykronix's ever-changing and late disclosures raise a strong inference of sandbagging and gamesmanship, and that inference is reinforced by the fact that the damages are based on information that would have been exclusively within the possession of Zykronix and not dependent on any discovery. Moreover, the footer on the damages summary reflects that it was actually prepared nearly a month before it was provided to Conexant. Under Federal Rule 37, this untimely disclosed information may not be presented at trial or in support

of any motion unless Zykronix can show that its failure to comply with its obligations under Rule 26 was substantially justified or harmless. Zykronix will not be able to meet that burden.

## IV. LEGAL STANDARD.

Rule 26(a) mandates that the parties exchange certain information at the outset of the case, without awaiting a discovery request:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> . . . .
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a). A party that fails to comply with its obligations under Rule 26(a) is barred from using the evidence it failed to produce:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37. Under Rule 37, "[t]he non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1)." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures." *Entek GRB, LLC v. Stull Ranches, LLC*, Civil Action No. 11-cv-01557-PAB-KLM, 2012 U.S. Dist. LEXIS 95645, at *4 (D. Colo. July 10, 2012) (quoting *Contour PAK, Inc. v. Expedice, Inc.*, No. 08-cv-01091-PAB-KMT, 2009 U.S. Dist. LEXIS 74568, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) (citation omitted).

Zykronix will not be able to establish that its failure to comply with its disclosure obligations was substantially justified. Zykronix may attempt to argue that it was complying with Rule 26(e) by "supplementing" its disclosures, but that argument rings hollow in light of the timing, which came at the close of discovery and long after expert disclosures and expert depositions had been completed. *See Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007). "Although [rule] 26(e) requires a party to 'supplement or correct' disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Id.* (quoting *Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)). That is exactly what Zykronix did in this case.

Nor will Zykronix be able to show that its omissions were harmless. Zykronix conceded in its interrogatory responses that the damages calculations were the proper subject of expert testimony, yet it failed to disclose the Redesign Damages, the Reputation Damages (other than to note the amount as "TBD"), or the Investigation Costs in its expert disclosures. And its damages expert was unprepared to offer an opinion or any discussion on those subjects in his deposition. Clearly, the subject of what it would reasonably cost to redesign consumer electronic devices, and damages allegedly caused by reputational injury, are subjects that would require Conexant to retain experts. And all three categories of alleged damages would require substantial fact discovery, including third-party discovery of the customers Mr. Streicher identified on the last day of discovery.

Clearly, disclosing new categories and amounts of alleged damages on the day before the discovery cutoff and two court days before dispositive motions were due is prejudicial to Conexant. And Zykronix cannot offer any justification for waiting nearly two years after the case was filed to make the disclosures. Worse, even when Zykronix belatedly prepared the disclosures in August, it waited almost a month to send them to Conexant, conveniently timed to be produced the afternoon before the discovery cutoff.

## V.     CONCLUSION

For the foregoing reasons, the Court should grant Conexant's Motion, and enter an order precluding Zykronix from presenting at trial or in any other proceeding the damages claims it failed to timely disclose.

Dated: October 6, 2017                                      **ONE LLP**

*/s/ Lawrence J. Hilton*
Lawrence J. Hilton
Robert D. Hunt
One LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
(949) 502-2870
Attorneys for Defendant Conexant Systems, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 6, 2017, a true and correct copy of the foregoing **DEFENDANT CONEXANT SYSTEMS, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO UNTIMELY DISCLOSED DAMAGES** was filed electronically with the Clerk of the Court using the CM/ECF system which will give notice to the following counsel of record:

Alan D. Sweetbaum
Andrew S. Miller
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, CO 80202

Reid A. Page
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202

Robert D. Hunt
One LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660

　　　　　　　　　　　　　　　　　　　　　*/s/ Lawrence J. Hilton*
　　　　　　　　　　　　　　　　　　　　　Lawrence J. Hilton