IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00163-KLM

ZYKRONIX, INC., a Colorado corporation,

　　Plaintiff,

v.

CONEXANT SYSTEMS, INC., a Delaware corporation,

　　Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on Defendant's **Motion in Limine to Exclude Testimony and Evidence Related to Untimely Disclosed Damages** [#94][1] (the "Motion"). Plaintiff filed a Response [#102] in opposition to the Motion [#94], and Defendant filed a Reply [#105]. The Court has reviewed the filings and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#94] is **DENIED**.

**I. Summary**

　　Defendant asks the Court to preclude Plaintiff from presenting various categories of damages at trial due to their late disclosure. *Motion* [#94] at 1-2. In short, Defendant asserts that Plaintiff's disclosure of new categories and amounts of alleged damages on the day before the discovery cut-off and two business days before dispositive motions were

---

[1] "[#94]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

due is prejudicial to Defendant. *Id.* at 6. Plaintiff argues that the categories of damages were disclosed by May 8, 2017, and that Defendant had the opportunity to conduct discovery into the damages during the depositions of Plaintiff's designated 30(b)(6) witness and Chief Financial Officer. *Response* [#102] at 1. Plaintiff adds that, to the extent that any prejudice to Defendant exists, any such prejudice can be cured by allowing additional discovery and continuing the trial. *Id.* at 2.

## II. Analysis

Fed. R. Civ. P. 26(a)(1)(A)(iii) provides:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). Litigants' disclosure obligations do not cease after initial compliance with the Rule, however. "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e).

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to comply with its obligation to disclose or supplement initial disclosures pursuant to Rule 26(a) or (e), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." "The determination of whether

a Rule 26(a) [or (e)] violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999); *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). The Tenth Circuit Court of Appeals identified four factors for consideration in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply*, 170 F.3d at 993. The Court addresses each in turn.

**A.     Prejudice to Defendant**

Defendant argues that Plaintiff waited until September 21, 2017, the day before the discovery cut-off, to disclose for the first time nearly $9 million worth of damages under the following categories: "Damage to reputation" ($7,943,673); "Cost of redesign of Sole 4/5/7" ($815,835); and "Cost of noise investigation" ($30,553). *Motion* [#94] at 1; *Summary of Estimated Damages* [#96-7]. Defendant explains that these types of damages may require Defendant to retain additional experts and would require substantial fact discovery, "including third-party discovery of the customers Mr. Streicher identified on the last day of discovery." *Motion* [#94] at 6.

Although Plaintiff asserts that all *categories* of damages were disclosed by May 8, 2017, Plaintiff does not dispute that the September 21, 2017 Summary added "lost profits" related to lost contracts with three companies that were not previously disclosed (totaling $7,943,673). *See Response* [#102] at 5 ("The only change was an increase in the amount of "lost profits" sought by [Plaintiff]. This was due to the inclusion of three lost contract[s] in the "lost profits" category rather than the single contract estimated in the initial

disclosures.").[2]  The names of the three companies apparently were not disclosed by Plaintiff until September 22, 2017.  *Streicher Depo.* [#96-8] at 3.  "A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'"  *Gallegos v. Swift & Co.*, No. 04-cv-01295-LTB-CBS, 2007 WL 214416, at *3 (D. Colo. Jan. 25, 2007) (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)).  On these grounds alone, Plaintiff's timing of providing the computation of damages is akin to trial by ambush.  Even if Plaintiff is correct that all categories of damages were disclosed by May 8, 2017, Plaintiff did not comply with the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii) to provide a *computation* of each category of damages until it provided the Summary on September 21, 2017.  Furthermore, the record does not reflect whether Plaintiff has even "ma[de] available . . . the documents or other evidentiary materials . . . on which each computation is based" as required by the Rule.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

Moreover, "delay and mounting attorneys fees can equate to prejudice."  *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)).  Allowing Plaintiff to add these disclosures would necessitate the re-opening of discovery in order to permit Defendant to prepare a defense regarding damages.  As such, the Court finds that the first factor weighs in favor of excluding the damages, because Defendant is indeed prejudiced, in terms of time, money, and effort, by the delayed issuance of Plaintiff's disclosures.

**B.**   **Plaintiff's Bad Faith or Willfulness**

---

[2] The Court finds rather unconvincing Plaintiff's argument that this category of lost profits from contracts with other companies was "previously disclosed" in the initial disclosures as "Profit from manufacturing 10,000" and "Installation at customer sites ($250 x 10,000)." *Response* [#102] at 5.  The Court is giving Plaintiff the benefit of the doubt here.

Plaintiff has the burden to justify the late disclosures. *See Gallegos*, 2007 WL 214416, at *3 (stating that the plaintiff, as non-movant, bore burden to justify untimely and otherwise deficient disclosures). Plaintiff's only proffered explanation is that it previously disclosed these categories of damages, and that its efforts to amend the categories "are the result of [Defendant's] . . . attempts to thwart [Plaintiff's] claimed damages by entering into an agreement with Leviton Manufacturing, Co., Inc. without [Plaintiff's] knowledge." *Response* [#102] at 2. The Court does not see why the settlement agreement between Defendant and Leviton releasing Plaintiff from its obligation to incur future repair costs would require Plaintiff to amend how damages are categorized. Rather, it seems that such a release should simply eliminate a category of Plaintiff's damages because Plaintiff will no longer be required to repair devices in the future. Nonetheless, assuming the veracity of Plaintiff's counsels' statements, provided as officers of the Court, the Court finds that Plaintiff did not act in bad faith. Thus, this factor weighs against excluding the disclosures.

**C.     Potential Trial Disruption and Ability to Cure the Prejudice**

As an initial matter, Plaintiff provided its Summary [#96-7] of the damages on September 21, 2017, and a trial in this matter is set to begin on December 11, 2017.[3] As discussed in the previous section, Defendant will suffer prejudice if Plaintiff's disclosures are admitted at trial if Defendant is not permitted to obtain additional discovery. Thus, trial will certainly be disrupted if the disclosures are admitted. This factor weighs against allowing Plaintiff's disclosures.

The Court acknowledges Defendant's argument that "moving the trial date would

---

[3] The Court also notes that briefing on the Motion [#94] was not complete until November 9, 2017.

simply reward [Plaintiff] for disclosing new categories of damages the day before the discovery cut-off and two court days before dispositive motions were due." *Reply* [#105] at 3. However, there is insufficient information before the Court to rule on the merits regarding Plaintiff's damages. In the Motion [#94], Defendant solely argues the belated timing of Plaintiff's disclosures. In the Reply [#105], Defendant raises additional substantive arguments that Plaintiff's redesign costs related to the Sole 4 and 5 devices, and Plaintiff's lost profits damages related to contracts with three newly named companies, are outside the scope of the allegations in the Complaint. *Reply* [#105] at 7-8. However, it would be inappropriate for the Court to consider those arguments without giving Plaintiff a meaningful opportunity to respond. *See Cahill v. Am. Family Mut. Ins. Co.*, 610 F.3d 1235, 1239 (10th Cir. 2010) (stating that "arguments first raised in a reply brief come too late"); *Ulibarri v. City & Cty. of Denver*, 742 F. Supp. 2d 1192, 1218 (D. Colo. 2010) (argument first raised in reply brief may be disregarded). Additionally, damages have remained a moving target in this case, such that it is unclear to the Court what categories and amount of damages are currently being sought by Plaintiff.[4]

Because the Court does not have sufficient information to rule on the merits of Plaintiff's damages, and Defendant will be significantly prejudiced if it is not permitted to obtain additional discovery, resetting the trial is the only way to cure this prejudice to

---

[4] For example, in the Response, Plaintiff includes a footnote that states it is no longer seeking "Cost of Litigation" and "OmniTouch4 Lost Profits" that had been included in the September 21, 2017 Summary. *Response* [#102] at 4 n.1. Plaintiff also concedes that its category of damages titled "cost of reputation damage" actually constitute "lost profits." *Id.* at 5 n.2. Based on the Response [#102], Defendant changed the relief it was seeking to eliminate two, rather than three, categories of damages, because it asserts that Plaintiff has apparently abandoned its "cost of noise investigation" damages. *Reply* [#105] at 2. The accuracy of that statement is unclear.

Defendant. Thus, this final factor of curability weighs in favor of allowing the disclosures, and the Court concludes that the trial should be reset.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#94] is **DENIED**.

IT IS FURTHER **ORDERED** that the five-day jury trial currently set for December 11-15, 2017, is **VACATED** and **RESET** to **March 12-16, 2018**, beginning at **9:00 a.m.** each day in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the Final Pretrial/Trial Preparation/Jury Instructions Conference set for December 8, 2017, at 1:30 p.m. is **VACATED** and **RESET** to **March 9, 2018**, at **1:30 p.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

IT IS FURTHER **ORDERED** that Plaintiff shall provide a finalized computation of damages to Defendant as required by Rule 26, and file a Certificate of Compliance with the Court, **on or before November 28, 2017**. The purpose of the computation is solely to clarify the *existing* categories of damages that Plaintiff intends to pursue. Attempts to disclose additional damages beyond those included in the September 21, 2017 Summary [#96-7] will not be permitted.

IT IS FURTHER **ORDERED** that Defendant shall file a Status Report indicating what discovery regarding damages it believes is necessary, as well as an explanation why it believes such discovery is necessary, **on or before December 5, 2017**. Plaintiff shall

respond to the Status Report **on or before December 12, 2017**. No reply will be permitted. The Court will thereafter issue an order setting new discovery deadlines for damages evidence <u>only</u>, as well as a deadline for Defendant to file any renewed motion to exclude testimony and/or evidence related to damages.

Dated: November 22, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge